KENNETH P. EASLON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Easlon v. Commissioner
Docket No. 21349-80.
United States Tax Court
T.C. Memo 1982-20; 1982 Tax Ct. Memo LEXIS 722; 43 T.C.M. (CCH) 302; T.C.M. (RIA) 82020; January 13, 1982. Kenneth P. Easlon, pro se. David G. Hendricks, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1978
$ 2,499.00
$ 541.56
$ 124.95
$ 66.66
1979
2,613.00
541.90
130.65
86.19
*723 The issues for decision are (1) whether the petitioner received as his one-half share of community income the amounts of $ 13,408.34 in 1978 and $ 14,442.61 in 1979; and (2) whether he is liable for the additions to tax determined by the respondent. All of the facts have been stipulated and are so found. The pertinent facts are summarized below. Petitioner was a resident of Odessa, Texas, during the years 1978 and 1979 and when he filed his petition in this case. He was married to Pauline G. Easlon in those years. During 1978 and 1979 the petitioner was employed by The General Tire & Rubber Company of Akron, Ohio, and he received wages in those years for work performed for that employer within the State of Texas. During 1978 and 1979 Pauline G. Easlon, the petitioner's wife, was employed by F.W. Woolworth Company of Milwaukee, Wisconsin, and she received wages in those years for work performed for that employer within the State of Texas. For the years in issue the petitioner received wage and tax statements from *724 The General Tire & Rubber Company which showed: Wages and
Federal Income
Year
Other Compensation
Tax Withheld
1978
$ 20,460.76
$ 122.67
1979
21,772.05
177.56
For the years in issue Pauline G. Easlon received wage and tax statements from F.W. Woolworth Company which showed: Wages and
Federal Income
Year
Other Compensation
Tax Withheld
1978
$ 6,277.29
$ 542.67
1979
7,113.17
713.29
Petitioner filed a claim for refund of the overpayment of tax for 1978 on an incomplete Form 1040. On April 17, 1979, he received a registered notice from the Director, Internal Revenue Service Center, Southwest Region, stating that the U.S. Individual Income Tax Return form submitted by him was not acceptable as an income tax return. On the purported return petitioner reported $ 78.62 as interest income and opposite business income were typed the words "Object, Self Incrimination." Petitioner did not file a Federal income tax return for the year 1979. In his notice of deficiency dated September 26, 1980, respondent determined that the petitioner's one-half share of unreported community income was $ 13,408.34 in 1978 and $ 14,442.61 in *725 1979. He also determined that the petitioner was liable for additions to tax under sections 6651(a), 6653(a) and 6654. Petitioner has the burden of proof with respect to the determined deficiencies and additions to tax. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. He has completely failed to carry that burden. In his oral statements and trial memorandum the petitioner argued that the income tax on his wages is unconstitutional because wages and compensation do not constitute gross income. The argument is meritless. The Federal income tax laws are constitutional. See Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. by unpublished opinion 559 F.2d 1207 (3d Cir. 1977); McCoyv. Commissioner, 76 T.C. 1027 (1981), on appeal (9th cir. Sept. 15, 1981). It is well established that compensation for services, in whatever form received, is includable in gross income. Commissioner v. Duberstein, 363 U.S. 278 (1960). Section 61(a) defines gross income as "all income from whatever *726 source derived." It includes the compensation for services and interest which the petitioner received in 1978 and 1979. Eisner v. Macomber, 252 U.S. 189, 207 (1920); Reiffv. Commissioner, 77 T.C. No. 83 (November 30, 1981). The Form 1040 filed by the petitioner for 1978 was devoid of sufficient information which could be used to compute his tax lialbilities and, therefore, it does not constitute an income tax return. United States v. Porth, 426 F.2d 519, 522-523 (10th Cir. 1970); Reiff v. Commissioner, supra; and White v. Commissioner, 72 T.C. 1126, 1129-1130 (1979). And, of course, there was no attempt by petitioner to file a return for 1979. Consequently, we sustain the additions to tax under section 6651(a) for failure to file timely returns. As to the additions to tax under section 6653(a), it is apparent that petitioner's refusal to file income tax returns as required by law and to supply information regarding his income was an intentional disregard of respondent's rules and regulations. Hence those additions are also sustained. Finally, the addition to tax under section 6654 *727 is imposed regardless of a showing of reasonable cause absent exceptions provided in section 6654(d) which are not applicable here. Section 1.6654-1(a), Income Tax Regs.; Reaver v. Commissioner, 42 T.C. 72, 83 (1964). Accordingly, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩